UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEONARD RICALLS, | No. 2:23-cv-00771-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| P. ANDREW, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  The court must screen his complaint pursuant to 28 U.S.C. § 1915A.

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

/////

---

[1] He has paid the filing fee.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed for failure to state a claim upon which relief could be granted.  The complaint alleges that on May 2, 2022, plaintiff could not eat his religious plant-based cream of wheat breakfast because it contained "unusual particles."  ECF No. 1 at 3.  Defendant Andrew allegedly told plaintiff he would report the incident to the kitchen so that plaintiff could receive an alternative breakfast, but failed to do so.  *Id.*  Plaintiff alleges he experienced abdominal pain and a headache from skipping breakfast.  *Id.* Plaintiff asserts an Eighth Amendment claim against

1    Andrews for acting with an "evil inten[t]." *Id.* at 5.  He also claims he was denied the free

2    exercise of his religion.  *Id.* at 3.

3            Plaintiff's allegations are remarkably similar to those raised by him in a prior action that

4    was dismissed without leave to amend for failure to state a claim.  *See Ricalls v. Smith*, No. 2:22-

5    cv-2322-KJM-CKD (E.D. Cal.).  In screening that complaint, the court stated the following:

6            In his amended complaint, plaintiff alleges that he maintains a plant-based

7    diet for religious reasons. Plaintiff also alleges that once in November of 2020, and
     then twice in April of 2021, some items included on his dinner tray were not plant-

8    based. He seeks damages for violation of his First Amendment right to free
     exercise of religion.

9

10           Plaintiff does not allege he was denied dinner on the dates alleged. Rather,
     he alleges that some of the items on his tray were not plant-based so the court

11   concludes that any injury to plaintiff was de minimis. Even if plaintiff was denied
     any food that he could eat on three separate evenings, his injury would still be de

12   minimis and not substantial enough to form the basis of an actionable claim. *See*
     *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (in order for a prisoner to

13   state a claim for denial of free exercise of religion, prisoner must allege a
     substantial burden on free exercise).

14

15           For the foregoing reasons, plaintiff's amended complaint fails to state a
     claim upon which relief can be granted. As it appears plaintiff cannot state a claim

16   even with amendment, leave to amend a second time will not be granted.

17   *Ricalls v. Smith*, No. 2:22-cv-2322-KJM-CKD (Mar. 7, 2023, E.D. Cal.), ECF No. 10 at 1-2.

18           Like the prior action, plaintiff's alleged injury here is not substantial enough to form the

19   basis of an actionable First Amendment free exercise claim.  Similarly, the denial of one meal

20   does not rise to the level of a constitutional violation under the Eighth Amendment.  *See Wilson v.*

21   *Pima County Jail*, 256 Fed.Appx. 949, 950 (9th Cir. 2007) (inmate did not suffer a serious

22   deprivation when officer took away his lunch); *see also LeMaire v. Maass*, 12 F.3d 1444, 1456

23   (9th Cir. 1993) ("food occasionally contain[ing] foreign objects or sometimes [being] served cold,

24   while unpleasant, does not amount to a constitutional deprivation").

25           For these reasons, the allegations of the complaint fail to state a claim upon which relief

26   could be granted.  In an abundance of caution, plaintiff will be granted an opportunity to file an

27   amended complaint.

28   /////

1                                                   <u>Leave to Amend</u>

2         Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an

3 amended complaint it should observe the following:

4         Any amended complaint must identify as a defendant only persons who personally

5 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

6 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

7 constitutional right if he does an act, participates in another's act or omits to perform an act he is

8 legally required to do that causes the alleged deprivation).   The complaint should also describe,

9 in sufficient detail, how each defendant personally violated or participated in the violation of his

10 rights.  The court will not infer the existence of allegations that have not been explicitly set forth

11 in the amended complaint.

12         The amended complaint must contain a caption including the names of all defendants.

13 Fed. R. Civ. P. 10(a).

14         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

15 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

16         Any amended complaint must be written or typed so that it so that it is complete in itself

17 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

18 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

19 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

20 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

21 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

22 1967)).

23         Finally, the court notes that any amended complaint should be as concise as possible in

24 fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

25 procedural or factual background which has no bearing on his legal claims.

26 /////

27 /////

28 /////

1

Conclusion

2      Accordingly, IT IS ORDERED that:

3      1.    Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30

4            days of service of this order; and

5      2.    Failure to comply with this order may result in dismissal of this action for the

6            reasons stated herein.

7

8   Dated: June 9, 2023.

9                                      EDMUND F. BRENNAN
                                       UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5